UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOAQUIN GUERRA, | ) | 1:13-cv-01077-AWI-BAM (PC) |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER DISMISSING |
| | ) | COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | (ECF No. 1) |
| | ) | |
| KERN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | THIRTY-DAY DEADLINE |
| | ) | |
| Defendants. | ) | |
| | ) | |

### I. Screening Requirement and Standard

Plaintiff Joaquin Guerra ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this complaint while a pre-trial detainee at the Kern County Jail. Plaintiff's complaint, filed on July 15, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California.  The events alleged in the complaint occurred while Plaintiff was a pretrial detainee housed at the Kern County Jail.  Plaintiff names the Kern County Sheriff's Department, Deputy Sheriff Chris Sweeney, Officer Feely, and an unknown nurse.

Plaintiff alleges as follows:

> On May 28-2012 after being booked into the Kern County Jail I asked both the Arresting Officer & Receiveing [sic] Officer if I could get medical attention for a bad eye that I was in pain it was obvious just looking at my eye.  At that time one of the officers asked the nurse if she would see me she looked at me said no made a comment some thing [sic] a long the line that she didn't send anyone to the (Hospital and or KMC) no matter then everyone laughed and joked and because I didn't receive medical attention I lost sight out of my right eye.

(ECF No. 1, p. 3.)

Plaintiff seeks payment of his medical bills, continued medical care and compensatory damages for his lost sight.

### III. Discussion

#### A. Kern County Sheriff's Department

The Kern County Sheriff's Department, which is a local government entity, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Here, Plaintiff has not alleged any regulation, policy or custom implemented by the Kern County Sheriff's Department that resulted in the alleged injury. Accordingly, the complaint fails to state a claim against the Kern County Sheriff's Department.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendants Sweeney and Defendant Feely to any alleged constitutional violation. Although Plaintiff references an Arresting Officer and a Receiving

Officer, he does not indicate if these are the same officers named in the caption of the complaint. Plaintiff will be given leave to cure this deficiency.

### C. Doe Defendant

Plaintiff has asserted allegations against an unknown nurse. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9thCir. 1980 ). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### D. Deliberate Indifference to Serious Medical Needs

In cases of deliberate indifference to a serious medical need, a pretrial detainee's rights are analyzed under the Due Process Clause Fourteenth Amendment, while a convicted prisoner's rights are analyzed under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535–36, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017–18 (9th Cir.2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir.2010). Nonetheless, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017–18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."' Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Plaintiff's allegations are sufficient to state a claim against the unknown nurse for deliberate indifference to serious medical needs.

### C. Failure to Intervene

As noted above, claims by pretrial detainees arise under the Fourteenth Amendment Due Process Clause, but are comparable to prisoners' rights under the Eighth Amendment. As such, the Court analyzes Plaintiff's failure to intervene claim under the standards provided by the Eighth Amendment. Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

At the pleading stage, Plaintiff has stated a cognizable claim for failure to intervene against the Arresting Officer and the Receiving Officer. However, Plaintiff has failed to indicate if Defendants Sweeney and Feely are the arresting and receiving officers. Plaintiff will be given leave to cure this deficiency.

### C. Conclusion and Order

Plaintiff's complaint states a cognizable claim against the Arresting Officer and the Receiving Officer for failure to intervene and a cognizable claim against the unknown nurse. However, Plaintiff's complaint contains multiple pleading deficiencies, which must be cured. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated: **June 9, 2014**           /s/ Barbara A. McAuliffe
                          UNITED STATES MAGISTRATE JUDGE