1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOAQUIN GUERRA,                          1:13-cv-01077-AWI-BAM (PC)

12              Plaintiff,

                                              ORDER DENYING MOTION FOR
13        v.                                  APPOINTMENT OF COUNSEL

14   KERN COUNTY SHERIFF'S                     (ECF No. 10)
     DEPARTMENT, et al.,
15
                Defendants.
16

17

18        On August 4, 2014, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

19   does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

20   F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

21   pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

22   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

23   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

24   section 1915(e)(1).  Rand, 113 F.3d at 1525.

25        Without a reasonable method of securing and compensating counsel, the court will seek

26   volunteer counsel only in the most serious and exceptional cases.  In determining whether

27   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on

28   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

                                              1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that counsel is necessary because he is indigent, his imprisonment will limit his ability to litigate this matter, the issues are complex and he is visually impaired.  (ECF No. 13.)  The Court has considered Plaintiff's assertions, but does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily from indigent prisoners. Although Plaintiff cites a visual impairment, Plaintiff has not supplied any supporting medical evidence and, based on a review of the record, there is no indication that Plaintiff cannot adequately articulate his claims.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits.  Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.
IT IS SO ORDERED.


Dated:  __**August 7, 2014**__          ____/s/ _Barbara A. McAuliffe_____
                                          UNITED STATES MAGISTRATE JUDGE

2