Case 1:13-cv-01077-AWI-BAM   Document 17   Filed 10/10/14   Page 1 of 5

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>    Plaintiff,<br><br>  v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | 1:13-cv-01077-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES<br><br>FOURTEEN-DAY DEADLINE |

### I.    Screening Requirement and Standard

Plaintiff Joaquin Guerra ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action while a pre-trial detainee at the Kern County Jail. On June 10, 2014, the Court dismissed the complaint with leave to amend. Plaintiff's first amended complaint, filed on July 7, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California. The events alleged in the complaint occurred while Plaintiff was a pretrial detainee housed at the Kern County Jail. Plaintiff names Deputy Sheriff Chris Sweeney, Officer Feely, and an unknown nurse, Jane Doe #1, as defendants in their individual and official capacities.

Plaintiff alleges as follows:

> On May 28-2012 after being booked into the Kern County Jail I asked bothe Arresting Officer Chris Sweeney & booking Officer Feely if I could get medical attention for a bad eye. At that time one of the officers asked the Jane Doe #1 Nurse if she would see me she looked my way and denied me even though I told Jane Doe #1 Nurse and officer Sweeney & Feely that I was in servier pain. Just by looking at me I needed medical attention my eye was chut and it was

1
2
3
      dischargeing liquid it was obvious I need to go to the hospital because Officer Feely said that (Jane Doe #1) Nurse never sends anyone to the (Hospital) and/or KMC right after he said this all of them Officer Sweeney & Feely, (Jane Doe #1 Nurse) started luaghing and jokeing.

4 (ECF No. 11, pp. 3-4) (unedited text).  Plaintiff seeks payment of his medical bills, continued

5 medical care and compensatory damages for lost sight in his right eye.

6     **III.    Discussion**

7     **A.  Official Capacity – Eleventh Amendment**

8         An official capacity claim is another way of pleading a claim against the government

9 entity of which the official is an agent.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658,

10 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Plaintiff's claims against defendants in their

11 official capacities are essentially claims against the Kern County Sheriff's Department.

12         A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who

13 acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or

14 municipalities, are considered "persons" within the meaning of Section 1983. <u>Will v. Michigan

15 Dept. of State Police</u>, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal

16 departments and sub-units, including police departments, are generally not considered "persons"

17 within the meaning of Section 1983. <u>United States v. Kama</u>, 394 F.3d 1236, 1239 (9th Cir.2005)

18 (Ferguson, J., concurring) (findings municipal police departments and bureaus are generally not

19 considered "persons" within the meaning of 42 U.S.C. § 1983); see also <u>Sanders v. Aranas</u>, 2008

20 WL 268972, *3 (the Fresno Police Department is not a proper defendant because it is a sub-

21 department of the City of Fresno and is not a person within the meaning of § 1983).

22         The Kern County Sheriff's Department may not be sued under § 1983 for an injury

23 inflicted solely by its employees or agents. Instead, it is only when execution of a government's

24 policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

25 said to represent official policy, inflicts the injury that the government as an entity is responsible

26 under § 1983." <u>Monell</u>, 436 U.S. at 694.

27         Here, Plaintiff has not alleged any regulation, policy or custom implemented by the Kern

28 County Sheriff's Department that resulted in the alleged injury. Accordingly, the complaint fails

to state a claim against the Kern County Sheriff's Department or against Defendants in their official capacities.

### B. Doe Defendant

Plaintiff has asserted allegations against an unknown nurse. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9thCir. 1980 ). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### C. Deliberate Indifference to Serious Medical Needs

In cases of deliberate indifference to a serious medical need, a pretrial detainee's rights are analyzed under the Due Process Clause Fourteenth Amendment, while a convicted prisoner's rights are analyzed under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535–36, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017–18 (9th Cir.2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir.2010). Nonetheless, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017–18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

1  The prison official must be aware of facts from which he could make an inference that "a
2  substantial risk of serious harm exists" and he must make the inference. <u>Farmer</u>, 511 U.S. at 837.
3       Plaintiff's allegations are sufficient to state a claim against Defendants for deliberate
4  indifference to serious medical needs.

### IV.     Conclusion and Order

The Court finds that Plaintiff's complaint states a cognizable claim for deliberate indifference to serious medical needs against Defendants Sweeney, Feely and Jane Doe #1 in their individual capacities. However, the Court finds that Plaintiff fails to state a cognizable claim against Defendants in their official capacities.

As Plaintiff was provided with the relevant legal standards and was given an opportunity to file an amended complaint, the Court does not recommend granting further leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on July 7, 2014, against Defendants Sweeney, Feely and Jane Doe #1 in their individual capacities for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment; and

2. Plaintiff's official capacity claims be DISMISSED from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 10, 2014**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE