# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA, | 1:13-cv-01077-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| v. | |
| KERN COUNTY SHERIFF'S DEPARTMENT, et al., | ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |
| Defendants. | (ECF No. 18) |
| | THIRTY-DAY DEADLINE |

     Plaintiff Joaquin Guerra ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action while a pre-trial detainee at the Kern County Jail. On October 10, 2014, the Court issued Findings and Recommendations that Plaintiff's claims against Defendants Sweeney, Feely and Jane Doe #1 in their official capacities be dismissed. The Court recommended that this action proceed on Plaintiff's first amended complaint, filed on July 7, 2014, against Defendants Sweeney, Feely and Jane Doe #1 in their individual capacities for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment. The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen (14) days. (ECF No. 17.)

On October 24, 2014, Plaintiff filed the instant motion requesting appointment of counsel.  Plaintiff also requested an extension of time to file his objections to the Findings and Recommendations.  (ECF No. 18.)

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

Here, the Court does not find the requisite exceptional circumstances.  Although Plaintiff has submitted medical evidence demonstrating that he is blind/visually impaired, the evidence also demonstrates that Plaintiff may use a magnifier for reading.  (ECF No. 18, p. 3.)  Further, the record demonstrates that Plaintiff can adequately articulate his claims and position in this matter.  Indeed, Plaintiff has been able to state cognizable claims against Defendants in their individual capacities and has been able to file multiple motions.  (ECF Nos. 12, 13, 16, 18.)  Accordingly, Plaintiff's motion for appointment of counsel shall be denied.

If Plaintiff requires additional time to comply with relevant deadlines and court orders because of his vision issues, then he may seek appropriate extensions of time.  In this instance, the Court will grant Plaintiff additional time to file any objections to the Findings and Recommendations issued on October 10, 2014.

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel, filed on October 24, 2014, is DENIED without prejudice.

2. Plaintiff's motion for an extension of time to file his objections, if any, to the Findings and Recommendations is GRANTED; and

3. Plaintiff's objections to the Findings and Recommendations shall be filed within thirty (30) days after service of this order.

IT IS SO ORDERED.

Dated: **October 27, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE