# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | 1:13-cv-01077-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 30) |

      Plaintiff Joaquin Guerra ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action while a pre-trial detainee at the Kern County Jail. On April 6, 2015, Plaintiff filed the instant motion requesting appointment of counsel. (ECF No. 30.)

      As Plaintiff previously has been informed, he does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff claims that he requires the appointment of counsel because he is proceeding in forma pauperis, his imprisonment will limit his ability to litigate, the issues are complex, he has limited knowledge of the law and limited education, and he is blind/visually impaired. (ECF No. 30, pp. 1-2.) The Court has considered Plaintiff's moving papers and the record in this case, but does not find the requisite exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners. To the extent Plaintiff cites his vision issues, Plaintiff's medical evidence indicates that he may use a magnifier for reading. (ECF No. 18, p. 3.) If Plaintiff requires additional time to comply with relevant deadlines and court orders because of his vision, then he may seek appropriate extensions of time. Critically, the record demonstrates that Plaintiff can adequately articulate his claims and position in this matter. (ECF Nos. 12, 13, 16, 18.)

Accordingly, Plaintiff's motion for the appointment of counsel, filed on April 6, 2015, is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 8, 2015**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE