# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01077-AWI-BAM (PC)<br><br>ORDER STRIKING UNENUMERATED RULE 12(B) MOTION AND REQUIRING DEFENDANTS TO FILE SUMMARY JUDGMENT MOTION WITHIN THIRTY DAYS<br><br>(Doc. 34) |

Plaintiff Joaquin Guerra ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action while a pre-trial detainee at the Kern County Jail. This action is proceeding on Plaintiff's first amended complaint against Defendants Sweeney, Feely and Jane Doe #1 for deliberate indifference to serious medical need in violation of the Fourteenth Amendment.

Defendants Sweeney and Feely answered the complaint on January 20, 2015. Thereafter, on January 22, 2015, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the deadline to file any motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies was April 22, 2015.

On April 22, 2015, Defendants Sweeney and Feely filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Defendants' motion is procedurally

improper.

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014). Following the decision in *Albino*, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Id.* An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. *Id.*

Accordingly, in light of the decision in *Albino*, it is HEREBY ORDERED that:

1. Defendants' unenumerated Rule 12(b) motion is stricken from the record;[1] and

2. Defendants have **thirty (30) days** from the date of service of this order within which to file a motion for summary judgment for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 56.

IT IS SO ORDERED.

Dated:   **April 23, 2015**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] District courts have broad discretion to control their own dockets, *M. M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012), and the Court elects to strike Defendants' unenumerated Rule 12(b) motion to dismiss in light of the decision in *Albino*. A stricken document is a nullity which is not considered by the Court for any reason, First Informational Order, ¶II.A., and given that Plaintiff is a prisoner proceeding pro se, striking the motion and requiring Defendants to re-notice it under Rule 56, accompanied by the requisite notice, serves to clarify the record and place Plaintiff on "fair notice" regarding what is required of him in responding to the motion, *Woods v. Carey*, 684 F.3d 934, 938-40 (9th Cir. 2012).