UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>        Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01077-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION REQUESTING ENLARGEMENT OF TIME WITHIN WHICH TO FILE DISCOVERY<br><br>(ECF No. 42)<br><br>**THIRTY-DAY DEADLINE**<br><br>ORDER REGARDING DEFENDANTS' REQUEST FOR AN EXTENSION OF THE DEADLINE FOR FILING DISPOSITIVE MOTIONS<br><br>(ECF No. 44)<br><br>Dispositive motion deadline: **February 29, 2016** |

I.      **Introduction**

      Plaintiff Joaquin Guerra ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. This action proceeds on Plaintiff's first amended complaint against Defendants Sweeney and Feely. On May 22, 2015, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff has failed to exhaust his administrative remedies. (ECF No. 37). That motion is pending.

1   Currently before the Court are (1) Plaintiff's motion requesting an enlargement of time with
2   which to file a discovery motion and to propound additional discovery, (ECF No. 42); and (2)
3   Defendants' request for an extension of the deadline for filing dispositive motions, (ECF No. 44).
4   Defendants filed a response to Plaintiff's motion, (ECF No. 43), and the time has passed for any reply
5   brief to be filed. Plaintiff's motion is thus deemed submitted. Local Rule 230(l).

6   Plaintiff has not filed any response to Defendant's motion, but the Court determines that it does
7   not require any response and therefore that motion is also deemed submitted. Local Rule 230(l).
8   Plaintiff will not be prejudiced by the Court's ruling on Defendant's motion because any extension to
9   any deadline will be applied equally to all parties.

## II.     Plaintiff's Motion Requesting Enlargement of Discovery Deadline

Plaintiff filed a declaration under the penalty of perjury stating that he seeks an enlargement of time in which to file a discovery motion and to propound additional discovery. (ECF No. 42.) He argues the extension of time is necessary because he has not received all the documents and information requested from Defendants during discovery, and because he is only able to access a law library on one day per week. He further argues that he is limited in reading and writing because of vision impairments. He also states that he needs to contact more witnesses in this matter and propound further written discovery, but has not been able to do so because of Defendants deficient discovery responses.

Defendants oppose Plaintiff's request, and filed a declaration in support. (ECF No. 43.) They argue Plaintiff's motion is untimely, and furthermore their discovery responses were sent to Plaintiff at least ninety days before the September 22, 2015 discovery deadline in this matter. Defendants further argue that Plaintiff did not provide sufficient supporting facts, evidence or authority to be granted relief, and that his reasons for requiring an extension do not show good cause for modifying the discovery schedule in this case.

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this case, Plaintiff's motion for an extension of the discovery deadline was timely filed. Although it was received by the Court and docketed on September 25, 2015, Plaintiff signed and dated the document a few days earlier, on September 19,

2015. Under the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing, Plaintiff's motion is deemed served and filed as of September 19, 2015. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners). Plaintiff therefore filed his motion prior to the September 22, 2015 deadline he sought to extend.

With regards to Plaintiff's request for an extension of time to file a motion to compel regarding Defendants' allegedly deficient discovery responses, the Court will grant Plaintiff's request. He made his request with the time allotted, and the motion will only involve the written discovery requests that Defendants received and responded to prior to the close of discovery. Therefore, he will be permitted a thirty (30) day extension of time to file a motion to compel on this limited matter.

However, Plaintiff has not shown good cause for his requested extension of the deadline to propound additional discovery requests. Although Plaintiff states that he did not serve this discovery before the deadline because he was waiting for information and documents from Defendants, he has not shown what specific information or documents he was deprived of that prevented him from sending that discovery. Thus, the Court is unable to determine if he has good cause for his delay. Plaintiff's request is also open-ended and vague as to what discovery he seeks to propound, which prevents the Court from evaluating the reasonableness of his request. Therefore, Plaintiff's motion to extend the time within which he may propound additional discovery is denied.

**III.   Defendants' Motion For Extension of Deadline For Filing Dispositive Motions**

With regard to Defendants' request for an extension of the deadline to file dispositive motions (other than a motion for summary judgment for failure to exhaust), Defendants have shown good cause for that extension under the circumstances. Fed. R. Civ. P. 16(4)(b). As they have noted, a potentially-dispositive motion is pending, but should the Court rule that the action should continue, the parties will require additional time to prepare any other potentially dispositive pre-trial motions. To avoid expending unnecessary efforts, time and resources, the parties will be allowed an extension of time to prepare any other dispositive motions until after they receive a ruling on the currently-pending

motion. Defendants seek an extension sufficient to allow the Court to issue its ruling on the pending motion. As the Court intends to address the pending motion in due course, it will extend the dispositive motion deadline in this matter until February 29, 2016.

**IV.     Conclusion and Order**

 For the foregoing reasons, it is HEREBY ORDERED as follows:

 1. Plaintiff's motion requesting an enlargement of time with which to file a discovery motion and propound additional discovery, (ECF No. 42), is GRANTED IN PART AND DENIED IN PART;

 2. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file and serve a motion to compel regarding Defendants' discovery responses;

 3. Defendants' request for an extension of the deadline for filing dispositive motions, (ECF No. 44), is GRANTED;

 4. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from December 3, 2015 to **February 29, 2016**; and,

 5. Any request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.

IT IS SO ORDERED.

 Dated:     **December 4, 2015**                    /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE