UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01077-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 37)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

I.  **Background**

Plaintiff Joaquin Guerra ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. This action proceeds on Plaintiff's first amended complaint against Defendants Sweeney and Feely for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment. These claims arise out of Plaintiff's allegations that Defendants were aware of but indifferent to Plaintiff's need for medical attention for his eye in May 2012 while he was in the custody of the Kern County Sheriff. (ECF No. 11.)

On May 22, 2015, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff has failed to exhaust his administrative remedies. Fed. R. Civ.

1

P. 56(c); Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). (ECF No. 37.) On May 27, 2015, the Court issued a second informational order, providing Plaintiff with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir.2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir.1988). (ECF No. 39.) On June 5, 2015, Plaintiff filed a declaration and brief. (ECF No. 40.) Defendants did not file any reply, but on August 13, 2015, they filed a notice of non-opposition, discussed further below. (ECF No. 41.) At this time, Defendants' motion for summary judgment is deemed submitted. Local Rule 230(l).

## II.  Legal Standard

### A.  Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007); Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B.  Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at

1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.   Discussion**

   **A.   Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. Id. at § 3084.2(a). Three levels of review are involved—a first level review, a second level review and a third level review. Id. at § 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

///

**B.    Plaintiff's Allegations in First Amended Complaint**

In Plaintiff's first amended complaint, he alleges as follows:

> On May 28-2012 after being booked into the Kern County Jail I asked both the Arresting Officer Chris Sweeney & Booking Officer Feely if I could get medical attention for a bad eye. At that time one of the officers asked the Jane Doe #1 nurse if she would see me she looked my way and denied me even though I told Jane Doe #1 nurse and Officer Sweeney & Feely that I was in servier pain. Just by looking at me I needed medical attention my eye was chut and it was dischargeing liquid it was obvious I need to go to the hospital because Officer Feely said that (Jane Doe #1) nurse never sends anyone to the (Hospital and/or KMC). Right after he said this all of them Officer Sweeney & Feely, (Jane Doe #1 nurse) started laughing and jokeing.

(ECF No. 11, pp. 3-4) (errors in original).

**C.    Statement of Defendants' Relevant Facts[1]**

1.    Plaintiff stated in his First Amended Complaint that there is an inmate appeal or administrative remedy process available at his institution, and he did not file an appeal or grievance concerning the facts contained in the First Amended Complaint. (FAC, ECF No. 11, p. 2.)

2.    At the time plaintiff was a prisoner in the Kern County Jail in May of 2012, there was a grievance procedure in place for prisoners regarding treatment at Kern County Jail. (Decl. of Michael Mahoney ("Mahoney Decl."), ECF No. 38-1, ¶¶ 4-6; see also Kern County Sheriff's Department Detentions Bureau Policies and Procedures, ECF No. 38-1, pp. 15-20.)[2]

3.    Plaintiff testified at his deposition that there was a grievance procedure in place for prisoners regarding treatment at the Kern County Jail. (Pl.'s Dep., ECF No. 38-1, pp. 46:10-18, 47:14-19.)

---

[1]    Defendants' Separate Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, ECF No. 38.

[2]    It is unclear exactly what facility Plaintiff means by "Kern County Jail" in his first amended complaint. Consequently, Defendants have submitted a declaration by a declarant who states he is familiar with the Kern County Sherriff's Department generally, (Mahoney Decl. ¶ 3), and that the inmate grievance procedure "applies to all Kern County Detention Facilities, including the Central Receiving Facility, Lerdo Pre-Trial Facility, Lerdo Max-Med Facility and the Lerdo Minimum Security Facility," (Id. ¶ 4). As noted below, in the declaration Plaintiff submitted in opposition to Defendants' motion, Plaintiff declares that he was held at the Lerdo Pre-trial Facility at the time of the incident. (Declaration of Joaquin Guerra, ECF No. 40, p.1.)

4. Plaintiff testified at his deposition that he did not see the need to continue with the grievance process. (Id.)

5. There is no record of any grievance filed by the plaintiff with regards to his treatment in the Kern County Jail in May of 2012. (Decl. of Sergeant Anthony Gordon ("Gordon Decl."), ECF No. 38-1, ¶ 3; Decl. of Lieutenant Adam Plugge ("Plugge Decl."), ECF No. 38-1, ¶ 4.)[3]

### D. Summary of Plaintiff's Relevant Facts[4]

The affiant [Plaintiff] swears that administrative tort claim was filed by mail with the County of Kern, Clerk of the Board of Supervisors (Government Code 910, 910.2 & 910.4) on the date of July 24, 2012, address 1115 Truxtun Ave 5th floor Bakersfield, CA 93301 and never received any kind of response from the Board of Supervisors.

Also Plaintiff Guerra declares that any/all legal advice and/or legal forms filed were given to Plaintiff Guerra by the legal research associates at Lerdo Pre-trial Facilitie where Plaintiff Guerra was being detained at the time of this incident.

Plaintiff Guerra being a layman not having sufficient knowledge of the law could only follow the instructions given to Plaintiff Guerra by the Kern County Pre-Trial Legal Research Associates governed by the County of Kern.

Plaintiff Guerra declares that in a memo Plaintiff Guerra Received from Legal Research Associates stated in bod black lettering, (you must first have exhausted the administrative procedures. This means filing an administrative tort claim with the city, county, and/or state in question)

Which Plaintiff Guerra did, with this said all Plaintiff Guerra did was follow instructions with the understanding that, that was the procedure needed to exhaust administrative remedies.

Plaintiff Guerra was never instructed that he must file a grievance first nor was Plaintiff Guerra ever given a grievance form to file.

---

[3] Declarant Plugge states in his declaration that Plaintiff has never filed a grievance while incarcerated at the Central Receiving Facility/Downtown Jail. (Plugge Decl. ¶ 4). Declarant Gordon states in his declaration that there is no record of a grievance filed by Plaintiff at the Central Receiving Facility, or the Lerdo Pre-trial or Lerdo Maximum-Medium facilities, and that the relevant records do not show Plaintiff was housed at the Lerdo Minimum facility. (Gordon Decl. ¶ 3.)

[4] Guerra Decl. (all errors in original).

### E. Analysis

#### 1. Defendants' Notice of No Opposition Filed

Before addressing the issue of Plaintiff's exhaustion of his administrative remedies, the Court must first address Defendants' notice of no opposition. (ECF No. 41.) In that notice, Defendants request that the Court dismiss Plaintiff's action with prejudice for failure to prosecute. Defendants cite in support the Court's May 27, 2015 second information order informing Plaintiff that his failure to respond to their motion for summary judgment could result in such a dismissal. (ECF No. 39 ¶ 2.) They argue that although Plaintiff filed and served a declaration on June 5, 2015, he did not serve them with an opposition, and therefore dismissal with prejudice for failure to prosecute is proper here.

On June 5, 2015, Plaintiff filed and served a declaration from himself, signed under penalty of perjury, (ECF No. 40, pp. 1-2), accompanied by separately signed and dated "brief" addressing Defendants' motion for summary judgment, (Id. at 3.) His filings do not fully comply with the Local Rules or the Court's second informational order setting forth instructions for the procedure for opposing Defendants' motion. However, it is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Jacobsen v. Filler, 790 F.2d 1362, 1364–65 & n. 4 (9th Cir. 1986).

In this instance, Plaintiff has filed a one-page "brief" discussing his reasons for opposing Defendants' motion for summary judgment. (ECF No. 40, p. 3.) Defendants do not discuss this brief in their notice, but it was attached to the declaration filed with this Court that Defendants acknowledge Plaintiff served upon them. Plaintiff's declaration was also separately signed under penalty of perjury, and contains facts in support of his position in his brief. (Id. at pp. 1-2.) A declaration that is based upon personal knowledge, and which sets forth facts admissible into evidence to which the declarant is competent to testify, is appropriate evidence to consider at the summary judgment stage. See Moran v. Selig, 447 F.3d 748, 759–60 (9th Cir. 2006); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Lopez v. Smith, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000). See also 28 U.S.C. § 1746. Plaintiff also attached a relevant exhibit to this filing, which is discussed in his declaration. (ECF No. 40, pp. 4-5.)

1 Although Plaintiff's brief is not artfully presented, the Court will not construe Plaintiff's submissions as if he failed to submit any opposition to Defendants' motion whatsoever. To the extent Plaintiff's declaration sets forth admissible evidence, it should be considered in opposition to Defendants' motion, along with his arguments. Thus, in these circumstances it is not appropriate to dismiss Plaintiff's action with prejudice for failure to prosecute, and Defendants' request should be denied.

### 2.  Exhaustion of Administrative Remedies

Turning to Defendants' motion for summary judgment, the Court finds that Defendants Sweeney and Feely have carried their initial burden of showing the absence of exhaustion here. As Defendants argue, Plaintiff does not dispute that there was a grievance procedure in place at his institution at the time of the incident he complains about. Plaintiff also does not dispute that he did not file any inmate appeal or grievance through the institution's procedures.

The burden therefore shifts to Plaintiff, "who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014)). Acts by prison officials that prevent the exhaustion of administrative remedies may make administrative remedies effectively unavailable. See Nunez v. Duncan, 591 F.3d 1217, 1224–25 (9th Cir. 2010). "The ultimate burden of proof, however, remains with the defendants," and the evidence must be viewed in the light most favorable to Plaintiff. Paramo, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172).

In this case Plaintiff contends, albeit inartfully, that he was mislead, either mistakenly or intentionally, by the jail's officials regarding the procedure for exhausting his administrative remedies, making those remedies effectively unavailable to him. (ECF No. 40, p. 3.) In support, Plaintiff submits a declaration under penalty of perjury explaining that he was instructed by the legal research associates at the Lerdo Pre-trial Facility (where he was being held at the time of the incident) that he needed to file an administrative claim form with Kern County to exhaust his administrative remedies. (ECF No. 40, pp. 1-2.) Attached to Plaintiff's declaration is a hand-written copy of the claim form he

declares he was instructed to file, which is completed, signed, and dated July 24, 2012. (ECF No. 4-5.) The form references the California Government Code, and is a form used for exhausting administrative remedies with respect to a state tort claim under the California Government Claims Act. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). See also Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208-09 (2007) (presentation of a written claim and action on or rejection of the claim are conditions precedent to a suit under the California Government Claims Act); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534 (2004) (same). Plaintiff declares that in following the instructions from the legal research assistants to complete and file this form, he understood that this was all that was needed to do to exhaust his administrative remedies. (ECF No. 40, p. 2.) Plaintiff further declares that he was not otherwise instructed to file a grievance form or given any grievance form to file. (Id.)

Upon shifting the burden to Plaintiff, the Court, viewing the evidence in the light most favorable to Plaintiff, finds that he has sufficiently demonstrated that the prison's administrative remedies were "effectively unavailable" to him. Paramo, 775 F.3d at 1191. He has proffered evidence showing that he took reasonable steps in attempting to exhaust his administrative remedies, but was prevented from properly exhausting his federal claims by misleading information from the jail's legal staff. The jail's legal research associates, Plaintiff admits, may have acted based on an innocent mistake or misunderstanding. Based on Plaintiff's testimony in his declaration, however, the staff's instructions were the cause of Plaintiff's failure to exhaust his administrative remedies, regardless of whether they acted in bad faith or not. Nunez 591 F.3d at 1226 (plaintiff excused from exhaustion based on warden's "innocent mistake" in misinforming plaintiff about information related to claim). A reasonable, rational inmate in Plaintiff's position cannot be expected to discern that the staff's legal advice only related to exhausting the administrative remedies for a state law tort claim and not for federal constitutional claims.

In these circumstances, Plaintiff has sufficiently rebutted Defendants' evidence in support of their motion, and they have not carried their ultimate burden of proof for their affirmative defense. Accordingly, Defendants are not entitled to summary judgment based on the failure to exhaust administrative remedies at this time.

## V.     Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 37) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

  Dated:    **March 7, 2016**                  /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE