1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8

9 | JOAQUIN GUERRA,

10                 Plaintiff,

11     v.

12 | KERN COUNTY SHERIFF'S DEPARTMENT, et al.,

13                 Defendants.

14

15

1:13-cv-01077-AWI-BAM (PC)

ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE

(ECF No. 47)

16        Plaintiff Joaquin Guerra ("Plaintiff"), is a state prisoner proceeding pro se and in forma

17 pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on

18 Plaintiff's first amended complaint against Defendants Sweeney and Feely.

19        Plaintiff has previously filed three motions requesting the appointment of counsel, (ECF

20 Nos. 13, 18, 30), each of which were denied without prejudice, (ECF Nos. 14, 19, 31). Currently

21 before the Court is Plaintiff's fourth motion requesting the appointment of counsel. (ECF No.

22 47.)

23        As Plaintiff previously has been informed, he does not have a constitutional right to

24 appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the

25 Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1).

26 Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

27 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request

28 the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

As Plaintiff has previously asserted, he believes he requires the appointment of counsel because he is proceeding in forma pauperis, his imprisonment will limit his ability to litigate, the issues are complex, he has limited knowledge of the law and limited education, and he is blind in one eye/visually impaired. (ECF No. 47, pp. 1-2.) The Court has considered Plaintiff's moving papers and the record in this case, but does not find the requisite exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners. To the extent Plaintiff cites his vision issues, Plaintiff previously provided medical evidence indicating that he may use a magnifier for reading. (ECF No. 18, p. 3.) If Plaintiff requires additional time to comply with relevant deadlines and court orders because of his vision, then he may seek appropriate extensions of time. Critically, the record demonstrates that Plaintiff can adequately articulate his claims and position in this matter. (ECF Nos. 12, 13, 16, 18, 40.) In fact, Plaintiff was able to successfully oppose one of Defendant's motions for summary judgment. (ECF Nos. 54, 56.)

Accordingly, Plaintiff's motion for the appointment of counsel, (ECF No. 47), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 18, 2016**                    /s/ Barbara A. McAuliffe
                                               UNITED STATES MAGISTRATE JUDGE