UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>   Plaintiff,<br><br>   v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-01077-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 49) |

Plaintiff Joaquin Guerra ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff initiated this action while a pre-trial detainee at the Kern County Jail. This action currently proceeds on Plaintiff's first amended complaint against Defendants Sweeney and Feely.

Currently before the Court is Plaintiff's motion to compel, in which he seeks an order requiring Defendants to produce for inspection and copying the following documents:

> Any and all medical documents, records, reports pertaining to the care and treatment of Plaintiff Joaquin Guerra written by Doctor or Nurse employed by the Central Receiving Facility, Lerdo Pre-Trial Facility, Lerdo Med-Max Facility.

(ECF No. 49 (errors in original).) Defendants oppose the motion, arguing that the documents Plaintiff

1

seeks are not in their possession, custody or control. (ECF No. 50.) They further argue that Plaintiff is able to access his own medical records via subpoena, and he previously issued a request to this Court for such a subpoena, but that request was denied as premature. (Id. at p. 2 (citing ECF No. 15).) The time for filing a reply has passed, and no reply has been filed. The motion is deemed submitted. Local Rule 230(l).

Under Federal Rule of Civil Procedure 34, a party may request an opposing party to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). Defendants in this case are two sheriff deputies, sued in their individual capacities, who have explained that they have no possession or custody of Plaintiff's medical records, nor the legal right to obtain them, particularly given Plaintiff's privacy rights. (ECF No. 50, pp. 2-3.) Rather, Plaintiff has the legal right to obtain his own medical records. Consequently, the Court will not order Defendants to produce the requested documents or grant Plaintiff's motion to compel.

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel his medical records, (ECF No. 49), is DENIED; and

2. Defendants are admonished that they may not rely on any documents or information, at either the summary judgment or trial stage of these proceedings, for which they have claimed to lack "possession, custody or control." Failure to abide by this admonishment may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **April 20, 2016**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE