UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01077-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S COMBINED MOTION FOR LEAVE TO AMEND COMPLAINT AND TO RE-OPEN DISCOVERY<br><br>(ECF No. 51) |

Plaintiff Joaquin Guerra ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff initiated this action while a pre-trial detainee at the Kern County Jail. This action currently proceeds on Plaintiff's first amended complaint against Defendants Sweeney and Feely.

On February 3, 2016, Plaintiff filed a combined motion for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15, and a motion to reopen discovery. (ECF No. 51.) Defendants have opposed the motion. (ECF No. 52.) The time for Plaintiff to file a reply has passed, and he has not done so. The combined motion is deemed submitted. Local Rule 230(l).

I.    **Motion for Leave to Amend Complaint**

Plaintiff first asserts in his motion that he has identified unnamed defendant Nurse Jane Doe #1 as "Nurse Morgan," and he seeks leave to amend his complaint to identify her as a defendant. (ECF

1

No. 51, pp. 1-2.) Plaintiff argues that the delay in obtaining Jane Doe #1's identity was not his fault, but was rather due to "the long process that Plaintiff was put through by defendants in order to obtain Nurse Jane Doe 1 true name [sic]." (Id. at 2.) Specifically, Plaintiff contends that he was not allowed to view audio and visual footage of his booking until September 14, 2015, which he needed to hear and see so that he could identify Nurse Jane Doe #1. (Id. at 2-3.) That footage was poor quality, and defense counsel did not provide better quality footage until December 9, 2015, at which time Plaintiff was able to identify Jane Doe #1. (Id. at 4-5.)

Defendants oppose the motion, arguing that it was not timely made since it was filed after the July 22, 2015 deadline to amend the pleadings passed. (ECF No. 52.) Defendants further argue that Plaintiff did not diligently seek the identity of Nurse Jane Doe #1, as evidenced by the fact that he prematurely sought a subpoena to obtain the names of female medical staff at Kern County Jail, but did not follow-up on that after discovery opened. (Id. at 2-3.) Instead, Plaintiff waited until May 26, 2015, seven months into the discovery period, to begin seeking the identity of Nurse Jane Doe #1 through written discovery requests, to which Defendants timely responded. (Id. at 3-5.) Defendants also indicate that they reasonably assisted Plaintiff regarding the problems viewing and hearing the audio/video footage they sent in response to his discovery requests. (Id.) Plaintiff also failed to seek any extension of the deadline to amend his complaint for good cause. (Id. at 5.)

**A.    Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

2

**B.     Discussion**

In this case, the Court finds both significant prejudice and undue delay here that warrant the denial of Plaintiff's request for leave to amend his complaint. Plaintiff's motion to amend his complaint was made long after the deadline to amend the pleadings under this Court's scheduling order, and more than four months after discovery closed. (ECF No. 27.) In that time, the Court has expended resources resolving discovery disputes and a motion for summary judgment, which the parties spent resources briefing. Now, a second motion for summary judgment is pending, with briefing underway. A newly-named defendant would be entering this litigation very late in the game. Allowing the amendment at this late stage will require reopening discovery, and will disrupt the schedule and delay the proceedings. All of this will prejudice Defendants.

Also, contrary to Plaintiff's assertions, there is undue delay here on his part. Although Plaintiff has a reasonable explanation for the time spent from September 14, 2015 through December 9, 2015 in attempting to identify Nurse Jane Doe #1, he does not explain why he waited until seven months after discovery opened before he started attempting to identify her. The record reflects that Plaintiff made other filings around that time, and yet he apparently was not working on identifying the unnamed defendant. And, as Defendants note, despite the fact that it was explained to him that he could renew his request for a subpoena to obtain discovery on the unnamed defendant after his complaint was screened, (ECF No. 15), Plaintiff never renewed that request.

If the moving party cannot explain the delay, this indicates that the delay is undue. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (citing E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir. 1988)); Swanson v. U.S. Forest Service, 87 F.3d 339, 345 (9th Cir. 1996). Plaintiff provides no explanation for his delay in beginning to issue discovery on the unnamed defendant's identity. And, as noted, the record shows he had a reasonable opportunity to engage in such discovery, and did otherwise engage in making filings, but did not seek to identify the Doe defendant. Thus, the delay here is undue, even when giving consideration to Plaintiff's pro se litigant status.  For these reasons, Plaintiff's motion for leave to amend his complaint is denied.

///

///

## II. Motion to Reopen Discovery

Plaintiff also seeks to re-open discovery due because Defendants allegedly prevented him from viewing the footage discussed above and discovering Nurse Jane Doe #1's identity until after discovery closed. (ECF No. 51, pp. 26-27.) He apparently seeks to re-open discovery to seek information for prosecuting his claim against the nurse.

The Court does not find good cause for re-opening discovery here. Fed. R. Civ. P. 16(b)(4). Both his motion and Defendants' opposition show that Defendants did not withhold the audio/video footage from Plaintiff. Rather, issues regarding restrictions by the institution where he was held caused some delay in being able to view and listen to that footage, and Defendants worked with the institution to allow Plaintiff to view that footage, and to improve the quality when it was not satisfactory to him. Regardless, Plaintiff's request for the opportunity to propound discovery related to his claim against Nurse Jane Doe #1 is moot, since the Court is denying his motion for leave to amend his complaint to identify that defendant and add her to this case, as explained above.

## III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend his complaint and re-open discovery, (ECF No. 51), is DENIED, in its entirety.

IT IS SO ORDERED.

Dated:   **April 20, 2016**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE