UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN GUERRA,<br><br>            Plaintiff,<br><br>       v.<br><br>DEPUTY CHRIS SWEENY, DEPUTY FEELY, UNKNOWN NURSE, JANE DOE #1, BEING SUED INDIVIDUALLY,<br><br>            Defendants. | CASE NO. 1:13-cv-01077-AWI BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>(Docs. 45, 53) |

**I. Introduction**

Plaintiff Joaquin Guerra is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The incident giving rise to this action took place in the Kern County Jail while Plaintiff awaited trial. The Magistrate Judge screened Plaintiff's first amended complaint and found cognizable claims for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment against Defendant Kern County Sheriff Deputies Sweeney and Feely in their individual capacities. Doc. 16 at 1.

Defendants now move for summary judgment, contending that their conduct did not evidence deliberate indifference to Plaintiff's serious medical need. Plaintiff filed an opposition. Defendants filed a reply. For the following reasons, Defendants' motion will be granted.

1

## II. Background

On May 28, 2012, Joaquin Guerra was arrested by Deputy Gregory outside of a Food Maxx. Deputy Gregory transferred custody of Plaintiff to Deputy Sweeney. Deputy Sweeney then transported Plaintiff to the Kern County Jail. During the transportation to the Kern County Jail, Plaintiff told Deputy Sweeney that he had a medical issue, possibly an infection, with his eye. Plaintiff requested medical care for that condition. Deputy Sweeney responded that Plaintiff would have an opportunity to see a nurse at the jail. Deputy Sweeney transferred custody of Plaintiff to the booking officer, Deputy Feely. Deputy Sweeney had no further contact with Plaintiff.

Plaintiff repeated the same medical concern regarding his eye to Deputy Feely. Plaintiff indicated that his eye hurt and was very irritated. Deputy Feely indicated that he would ask the nurse to see Plaintiff after he was booked. At some point thereafter, Deputy Feely actually asked a nurse, in Plaintiff's presence, to see Plaintiff. Plaintiff contends that the nurse indicated that she did not want to see him. Plaintiff did not receive medical treatment on May 28, 2012. Plaintiff did not further address the issue with Deputy Feely.

On May 28, 2012, Plaintiff's eye was red and irritated. Plaintiff indicates that he was drifting "in and out of consciousness" as a result of the pain from his eye. The pain was so severe that he was unable to eat. On May 31, 2012, while Plaintiff was detained in the Kern County Jail, another inmate reported to deputies that Plaintiff had a swollen right eye. According to Plaintiff, sheriff deputies placed him in solitary confinement and provided no medical care.

Ultimately, Plaintiff lost sight in his right eye and is now also visually impaired in his left eye.

## III. Legal Standard

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and

identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c)(1)(A).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at p. 325). If the moving party meets its initial burden, the burden shifts to the non-moving party to must set forth "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In order to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at p. 587 (citation omitted).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. *See Anderson*, 477 U.S. at 255. A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**IV. Discussion**

A. Denial of Medical Care Claim

    Plaintiff's claim of denial of medical care arose while plaintiff was a pretrial detainee. "Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Traditionally, where a pretrial detainee plaintiff alleges inadequate medical care, courts in this circuit have noted that a pretrial detainee's "rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," so courts have applied the same deliberate indifference standard. *Frost*, 152 F.3d at 1128; *accord Clouthier v. City of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2012); *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003). That said, those courts have also recognized that "the Eighth Amendment … provide[s] 'a minimum standard of care' for determining the rights of pretrial detainees." *E.g.*, *Clouthier*, 591 F.3d at 1242 (quoting *Or. Advocacy Ctr. V. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003)). The Ninth Circuit's test for deliberate indifference to a serious medical need in violation of the Eighth Amendment has two component parts. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong...is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett,* 439 F.3d at 1096.

    Recently, the Ninth Circuit recognized that the Supreme Court's decision in *Kingsley v. Hendrickson*, --- U.S. ----, 135 S.Ct. 2466, 2472-4273 (2015) (explaining that excessive force used against a pretrial detainee is governed by an objective standard), cast the traditional understanding, that the Fourteenth and Eighth Amendment protections are comparable, even further into doubt. *Castro v. County of Los Angeles*, --- F.3d ----, 2016 WL 4268955, *5 (9th. Cir., Aug. 15, 2016); *see Mendiola-Martinez v. Arpaio*, --- F.3d ----, 2016 WL 4729476, *4 n.5 (9th Cir. Sept. 12, 2016). In fact, the Ninth Circuit set out a new standard, eliminating a "subjective intent to punish" requirement, "in the context of a pretrial detainee's failure-to-

4

protect claim." Castro, 2016 WL 4268955 at *6-7. The *Castro* court explained that "the broad wording of *Kingsley*"—referring generally to "challenged governmental action" rather than specifically to force—suggests that the Supreme Court did not intend to limit its holding (that no subjective intent to punish must be proven for a pretrial detainee to recover on an action under the Fourteenth Amendment) to the excessive force context. As a result, the *Castro* court extended *Kingsley* to the failure-to-protect context as follows:

> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 2016 WL 4268955 at *7. It characterized that test as requiring "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 2016 WL 4268955 at *7.

The *Castro* court explicitly "overrule[d] *Clouthier* to the extent that it identified a single deliberate indifference standard for all § 1983 claims and to the extent that it required a plaintiff to prove an individual defendant's subjective intent to punish in the context of a pretrial detainee's failure-to-protect claim." *Castro*, 2016 WL 4268955 at *6. The *Castro* court did not specifically speak to whether the standard for § 1983 claims by pretrial detainees in medical care situations require a plaintiff to prove an individual defendant's actual awareness of the level of risk. After *Castro*, most district courts in this circuit have continued to apply the Eighth Amendment standard to pretrial detainees' claims of injury resulting from untreated serious medical needs, *James v. Lee*, 2016 WL 5338074, *4 (S.D. Cal. Sept. 23, 2016); *Atayde v. Napa State Hospital*, 2016 WL 4943959, *4 (E.D. Cal. Sept. 16, 2016); *Kelley v. City of Henderson*, 2016 WL 4473420, *3 (D. Nev. Aug 24, 2016); *see also Estate of Sandra Vela v. County of*

*Monterey*, 2016 WL 4678300, *3 (N.D. Cal. Sept. 7, 2016) ("In the context of arrest or pretrial detention, the Fourteenth Amendment confers a right to be free from cruel and unusual punishment, which encompasses a right to have serious medical needs addressed.") (citation omitted), but at least one court has attempted to adapt the *Castro* standard to that context, *Williams v. Grant County*, 2016 WL 4745179, *5 (D. Or. Sept. 12, 2016). While no court has set out what the exact contours of what the *Castro* rule would look like in the untreated medical needs context, the stripping of the Eighth Amendment deliberate indifference standard of a subjective component—as *Castro* implies to be appropriate in this context—is a relatively simple feat: (1) The plaintiff made a request for medical care;[1] (2) The plaintiff had a serious medical need; (3) The defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Although the standard by which Plaintiff's deliberate indifference to a serious medical condition claim is judged is subject to dispute, even assuming that the above-listed test applies, Plaintiff's claim fails.

First, as to Deputy Sweeney, his conduct related to this action began when he took control of Plaintiff at Food Maxx and ended when he transferred custody of Plaintiff to Deputy Feely. Deposition of Joaquin Guerra ("Guerra Depo.") at 18:12-20:20. During that time, Plaintiff indicates that he asked Deputy Sweeney to see a nurse because his eye hurt and was irritated. Guerra Depo. at 20:2-7. The irritation began the morning of the arrest. Guerra Depo at 15:18-20. The area around Plaintiff's eye was not visibly irritated or damaged. Guerra Depo. at 15:7-17. Deputy Sweeney responded that Plaintiff would be given medical care after he was booked into the jail. Guerra Depo. at 20:2-7. When Deputy Sweeney arrived with Plaintiff at the Kern County Jail he transferred Plaintiff to the custody of Deputy Feely. Guerra Depo. at 20:21-21:1. Plaintiff

---

[1] The Court recognizes that there may be situations in which a need for medical care is so glaringly obvious that a pretrial detainee need not request aid. However, because that situation is not before the Court, it is not incorporated into this rule formulation.

6

indicates that he does not remember whether Deputy Sweeney told Deputy Feely about Plaintiff's medical complaint. Guerra Depo. at 21:12-23.

On that record, a reasonable officer in Deputy Sweeney's position would have done nothing more than Deputy Sweeney did. Deputy Sweeney conveyed to Plaintiff that medical treatment was available at the jail and that it would be provided to Plaintiff after he was booked. As Defendants note, Deputy Sweeney did not ignore Plaintiff's medical condition, he booked Plaintiff in a location that he understood medical care to be available. Deputy Sweeney took reasonable steps to obtain medical care for Plaintiff.

Next, Deputy Feely accepted custody of Plaintiff. Guerra Depo. at 20:21-21:1. At some point thereafter, Plaintiff asked Deputy Feely for medical attention. Guerra Depo. at 21:2-11. Deputy Feely sought medical attention for Plaintiff from a nurse in the booking area. Guerra Depo. at 21:24-22:13. That nurse apparently refused to see Plaintiff. Guerra Depo. at 22:15-19. Plaintiff had no further interactions with Deputy Feely about his eye. Guerra Depo. at 43:24-44:3. Any failure to provide medical treatment to Plaintiff is not attributable to a failure by Deputy Feely to take reasonable measures to obtain medical care.

Plaintiff's claims that Defendants failed to provide or obtain medical care in violation of the Fourteenth Amendment fails. Defendants are entitled to summary judgment.

B. Qualified Immunity

The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and (2) whether such right was clearly established at the time of the defendant's alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 535 U.S. 194, 201 (2001)).

As explained in Section IV(A) of this order, *supra*, no deprivation of a constitutional right took place. As a result, Defendants are entitled to qualified immunity.

V. Order

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motions for summary judgment (Docs. 45, 53) are GRANTED.

The Clerk of the Court is respectfully directed to enter judgment in favor of Defendants and close this case.

IT IS SO ORDERED.

Dated:   September 27, 2016                                                                          
                                                         SENIOR DISTRICT JUDGE